CHARLES C. PRIEST & another *vs.* ESSEX HAT MANUFAC TURING COMPANY & others.

Suffolk.   March 20. — June 29, 1874.   AMES & DEVENS, JJ., absent.

In a suit in equity under the St. of 1862, *c.* 218, to enforce the liability of the officers of a manufacturing corporation, proof that the certificate required by § 8 of the Gen. Sts. *c.* 61, was signed, sworn to and filed in the office of the Secretary of the Commonwealth, by the defendants as officers of the corporation, that the association engaged in business in its corporate name, contracted debts and filed other certificates required by law, also signed by the defendants, declaring the corporate character of the organization, is conclusive, as against the defendants, of the corporate character of the association.

The proceedings under the St. of 1862, *c.* 218, to enforce the liability of the officers of corporations, must be in strict accordance with the statute, and a return of the execution unsatisfied on the same day on which the demand thereon was made, does not make the officers liable; and it is of no avail to show that the corporation neglected to pay the debt, made no attempt to exhibit property, and had none to exhibit.

BILL IN EQUITY in behalf of the plaintiffs and of all other creditors of the Essex Hat Manufacturing Company, alleged to be a corporation created and organized under the general laws of Massachusetts, against said corporation, and William Cushing, Edward Burrill, Henry Cook, Robert Bayley, Edwin Blood, Thomas E. Cutter and Rufus A. Wills, alleged to be officers thereof.

The case was reserved by *Morton*, J., on the bill, answers and evidence, for the consideration of the full court.   The material facts appear in the opinion.

*E. Avery & C. S. Lincoln*, for the plaintiffs.

*H. W. Paine & R. D. Smith*, for the defendants.

WELLS, J.   The Essex Hat Manufacturing Company was or ganized as a corporation under the provisions of the Gen. Sts. *c* 61; and the defendants, Cushing, Burrill, Bayley, Wills, Cook

and Blood were elected as its officers. The certificate, required by § 8 of that chapter, signed and sworn to by all said officers except Wills, was filed in the office of the Secretary of the Commonwealth. The association thereupon engaged in business in its corporate name; contracted debts, made the notes, and suffered the judgments set forth in the bill. Other certificates were made declaring the corporate character of the organization, some of which were signed and sworn to by the defendants, Wills and Cutter.

These facts establish sufficiently, and we think conclusively against these defendants, the corporate character of their association. The evidence, offered to control it, tended to show the former existence of some written agreement of association, which had been lost or destroyed; and the defendants relied upon parol proof of its contents to show that it was so defective in form that no corporate existence could be founded upon it; relying upon certain suggestions as to the essential nature and significance of the articles of association as the first step in the formation of such corporations, contained in *Utley* v. *Union Tool Co.* 11 Gray, 139, *Newcomb* v. *Reed,* 12 Allen, 362, and *Hawes* v. *Anglo-Saxon Petroleum Co.* 101 Mass. 385. But we are of opinion that this case is governed rather by *Dooley* v. *Cheshire Glass Co.* 15 Gray, 494, and *Merrick* v. *Reynolds Engine & Governor Co.* 101 Mass. 381; and that the defendants are concluded by their affidavits and acts and by the judgment, from disproving the regularity and sufficiency of their original articles of association.

The neglect to comply with the requisitions of the St. of 1862, *c.* 210, is admitted.

But there appears to be an irregularity in the proceedings by which the plaintiffs seek to enforce against the defendants this liability for the debts of the corporation. The liability exists only as imposed by the statutes, which also prescribe the mode in which alone it may be fixed and enforced. The process must be followed strictly. There must be, in the first place, a judgment against the corporation; in the second, a demand on the execution; thirdly, a neglect for thirty days after demand made on execution to pay the amount due, or to exhibit to the officer real or personal estate of the corporation, subject to be taken on execution, sufficient to satisfy the same; and fourthly, in conse-

quence thereof, a return of the execution unsatisfied. St. of 1862, c. 218, § 3. All these conditions must concur. A return of the execution unsatisfied on the same day with the demand made thereon, for the reason that payment was then refused and no property could be found, does not make the directors liable to be proceeded against under the statute. Section 4 provides that " after the execution shall be so returned, the judgment creditor, or any other creditor, may file a bill in equity, in behalf of himself and all other creditors." This shows conclusively that the return of the execution contemplated by the statute is its return unsatisfied after the neglect of the corporation for the period of thirty days ; which alone warrants a return upon which the creditors can proceed against directors or stockholders. One alternative allowed to the corporation is, at any time within the thirty days, to exhibit to the officer property that he may take upon the execution. This implies that the execution is to remain in his hands for that purpose ; and before the directors or stockholders can be proceeded against, his return must show default in this respect.

In the present case, the return, having been made on the same day with the first demand, not only fails to show that the execution remained unsatisfied at the end of the thirty days thereafter, but shows affirmatively that the opportunity was not kept open for thirty days for the corporation to exhibit property that might be taken upon it. We think this is a step in the process which must be taken by formal proceedings ; and cannot be supplied by proof that the corporation neglected to pay the debt, made no attempt to exhibit property, and had none to exhibit. The omission cannot be regarded as immaterial because it does not affect the equity of the case. The liability does not rest upon equity, but is of strict statute imposition. The remedy is given in equity for the sake of the greater convenience and advantage it affords for adjustment of the various interests of the several parties who may join or be joined as plaintiffs or defendants.

There not having been a strict compliance with all the requirements of the statute, the bill cannot be maintained, and is

*Dismissed with costs.*