GEORGE E. BURNAP & others *vs.* HASKINS STEAM-ENGINE COMPANY & others.

Worcester.   Oct. 3, 1877. — Nov. 12, 1879.   ENDICOTT & LORD, JJ., absent.

After the shares of stock in a corporation have been distributed among the members, they are not, under the St. of 1870, c. 224, §§ 39, 43, jointly liable for the debts of the corporation, but only severally in proportion to the shares held by them respectively.

If a bill in equity is brought, under the St. of 1870, c. 224, § 42, to enforce the personal liability of the stockholders for money due operatives, it is no ground of defence to one of the defendants that he has paid some of the operatives other sums due them, and has a claim for contribution upon the other defendants.

Stockholders, defendants to a bill in equity under the St. of 1870, c. 224, § 42, in which a decree is rendered against them, are jointly and severally liable for costs.

BILL IN EQUITY, filed February 8, 1877, by eleven judgment creditors, under the St. of 1870, c. 224, § 42, in behalf of themselves and all other creditors of the Haskins Steam-Engine

---

Company, a corporation established under said act, against said corporation and Henry A. Goodrich and others, stockholders therein, to enforce the personal liability of the latter on the ground that the plaintiffs had recovered judgments against the corporation for services due them as operatives, and rendered within six months before demands made upon the corporation fo : payment of the same, and that the corporation had neglected and refused to pay the same.   St. 1870, *c.* 224, § 39, *cl.* 5.

The bill was taken for confessed against all the defendants except Goodrich, who appeared and filed an answer averring that, by reason of large payments made by him to operatives in the employ of the corporation, he was entitled to contributions from the other defendants; and that he ought not in equity to be held to make any further payments on account of labor or services performed for the corporation.

At the hearing, before *Morton*, J., it appeared that the capital stock of the corporation was divided into three hundred and fifty shares, of the par value of $100 each; that at the time the actions were commenced, upon which the judgments were recovered, Goodrich and the other persons named as defendants were the only stockholders in the corporation; that Goodrich held fifty shares, five of the others held fifty shares each, and the other two held twenty-five shares each.

It also appeared that Goodrich had paid to seven operatives in the employ of the corporation, for services rendered within six months before the demand, sums of money, amounting in all to $308, while the actions were pending against the corporation; and had taken assignments to himself of the claims of these operatives against the corporation; that he had not received from the corporation, or from any one, any part of the sums so paid; and that he made such payments to prevent any liability from attaching to himself and the other stockholders.

The plaintiffs contended that Goodrich and the other persons named as defendants should be decreed jointly and severally to pay to the plaintiffs the amounts severally due them and the costs of this bill in equity.

Goodrich contended that he should not be held to make any further payments, and that, in any event, he should not be held to pay more than his proportional part of the judgments, accord-

ing to the amount of the stock held by him at the time the original actions were brought.

The judge reserved for the determination of the full court the questions of Goodrich's liability, and of the form of the decree.

*E. P. Loring*, for the plaintiffs.

*H. C. Hartwell*, for the defendants.

MORTON, J. The question reserved in this case is as to the form of the decree which should be entered for the plaintiffs. Are they entitled to a decree against all the stockholders of the corporation jointly and severally, or should there be separate decrees against each of the stockholders for amounts which are in proportion to the amounts of stock held by them? The answer depends upon the construction of §§ 39, 43, of *c.* 224 of the St. of 1870.

Section 39 provides that "the members or stockholders in corporations shall be jointly and severally liable for its debts or contracts in the following cases, and not otherwise;" the fifth case named being "for all sums of money due to operatives for services rendered within six months before demand made upon the corporation, and its neglect or refusal to make payment."

Section 43 provides that "such sums as may be decreed to be paid by the stockholders in such suit in equity shall be assessed upon them in proportion to the amounts of stock by them respectively held at the time when the suit in which said judgment was recovered was begun; but no stockholder shall be liable to pay a larger sum than the amount of stock held by him at that time at its par value."

The defendants contend that this section was intended to prescribe a rule for the assessment of the damages, and for regulating the decree in the suit in equity brought by the creditors against the corporation and the stockholders. The plaintiffs, on the other hand, contend that, though the last clause was intended as a limitation of the amount for which a stockholder is liable in the suit in equity by creditors, yet the first part does not apply in such suit, but its purpose is to prescribe a rule for the apportionment of such sums as stockholders might be compelled to pay in such suit, to be applied in a suit for contribution.

It must be admitted that the true construction is not free from doubt; but, upon a careful consideration of all the provisions of

this statute, we are of opinion that we must adopt the construction contended for by the defendants.

The provisions we are considering are reënactments, in the same language, of the provisions of the St. of 1862, c. 218.

That statute was passed for the purpose of limiting the liability for the debts of corporations, which attached to officers and stockholders under the previously existing laws. Before then, each stockholder was liable for the whole of the debts of the classes named *in solido*, though he might be the owner of only a single share of the stock, of a value much less than such debts. It is clear, as is conceded by the plaintiffs, that the limitation in the last part of section 43, that no stockholder shall be liable to pay a larger sum than the amount of stock held by him at its par value, was intended to be applicable in the suit in equity brought by creditors. It intends to provide that a stockholder shall in no event be liable beyond the amount of his stock; if he cannot avail himself of this defence in the creditors' suit, but is to be held liable therein for a larger amount, then, in cases where he cannot enforce contribution against the other stockholders by reason of their insolvency or otherwise, he may be compelled to pay debts of the corporation to an amount greater than the par value of his stock. The limitation can only accomplish its purpose in all cases by being applied in the creditors' suit. The other limitation forms part of the same section and of the same sentence, and would naturally be understood as intended to apply in the same manner. The fact that the two are connected by the conjunction "but" implies that both limitations have relation to the same subject, the latter being a qualification of the former.

The language and context indicate that the whole section was intended to provide a rule to govern the proceedings in the creditors' suit in equity. It is preceded and followed by various provisions intended to govern the proceedings in such suit. The language used, "such sums as may be decreed to be paid by the stockholders in such suit in equity shall be assessed upon them in proportion to the amount of stock by them respectively held," naturally and *prima facie* refers to an assessment in this suit, and not to an assessment in an independent suit with which the Legislature is not then dealing.

The principal objection to this construction is that it is incon-sistent with the provision of § 39, that the stockholders "shall be jointly and severally liable for its debts," if the meaning is to be given to that provision which it would naturally bear if it stood alone. A joint and several liability of stockholders for a debt imports that each and every stockholder is liable for the whole debt *in solido*.

But in construing a statute, we must ascertain from all its parts the intention of the Legislature, and give each part such meaning as is necessary to carry out that intention.

The words "shall be jointly and severally liable" were taken from the General Statutes, and were used in the St. of 1862 with-out intending to defeat the limitations of the liability of stock-holders which it was the main object of that statute to establish. That they were not intended to be used in their broadest sense is apparent from the fact that, if so construed, they are incon-sistent with the limitation of liability of each stockholder to the amount of stock held by him, which limitation was plainly in-tended to apply in a suit like this.

The various provisions of the statute, that all the creditors are to be admitted as plaintiffs, that all the stockholders are to be joined as defendants, that executors or administrators of deceased stockholders are to be summoned in, that the plaintiff or creditor who instituted the suit cannot dismiss it without leave of court, and that such sums as shall be decreed to be paid by the stockholders shall be assessed upon them in pro-portion to their stock, all point to the conclusion that it was the intention of the Legislature to provide for the final settlement of the ultimate rights of all parties in one suit.

Upon the whole, we are of opinion that the statute intended to provide that, after a corporation has shown its inability to pay its debts by neglecting to pay a judgment against it after demand, the judgment creditor, if within the classes named, might bring a suit in equity in behalf of himself and all other creditors of a like character; that all the stockholders should be joined in such suit; and that each stockholder should in such suit be liable severally for a *pro rata* part of the whole amount ascertained to be due to all the creditors, in the proportion which his stock has to the whole capital stock, provided that he

shall in no event be liable for more than the par value of his stock.

The plaintiffs contend that this construction is inconsistent with the last clause of section 39, which provides that "any such member or stockholder who pays, on a judgment or otherwise, more than his proportional share of any such debt, shall have a claim for contribution against the other members or stockholders."

Their argument is that the "judgment" meant is the decree in the equity suit, and that therefore the provision is senseless if the proportion which each stockholder is ultimately to pay is fixed in such suit, because there could then be no case for contribution. In engrossing the statute, this provision was inserted as a part of the fifth clause, but it is entirely clear that it was intended to apply to the first four clauses as well as to the fifth, and it should be construed as if it formed a separate section.

The judgment named in it is not the joint decree in the suit in equity, but the judgment against the corporation which is a necessary preliminary to such suit. It contemplates the case where a stockholder, either after judgment against the corporation or before, pays any of the debts for which the stockholders are liable without the expense of a litigation in equity, and gives him the right in such case to claim contribution. There is no occasion for providing that, if a stockholder pays a joint judgment against all, he shall have contribution, because he would have a right of contribution independently of the statute. This construction gives full effect to the language of this provision, and is consistent with the construction we have put upon § 43.

It is argued that, upon the construction we have adopted, the creditor is obliged to take the risk of the insolvency of some of the stockholders, while a stockholder, if he should pay the judgment against the corporation, or the other debts of the creditors, voluntarily, would be entitled to contribution against the solvent stockholders to the extent of the par value of their stock. *Cary* v. *Holmes*, 16 Gray, 127. Such is the necessary result of our construction. But the statute contains no provisions as to the rights of parties in the case where some of the stockholders are insolvent. In the absence of any such provisions, we cannot assume that the Legislature intended that the equities of the

creditors should be the same as those of a stockholder who voluntarily pays the judgment or debt, and thus enlarge the liability of the solvent stockholders beyond what the language of the statute fairly imports. *Crease* v. *Babcock*, 10 Met. 525. If this result is deemed to work injustice to the creditors, it is for the Legislature, and not for the court, to provide a remedy.

In the case of *Hawes* v. *Anglo-Saxon Petroleum Co.* 111 Mass. 200, it was held that the stockholders were jointly and severally liable to the plaintiffs, because there had been no division of the stock into shares, and therefore the individual defendants were the joint owners of the entire stock. The question raised in this case was not considered or decided.

The claim of the defendant Goodrich, to set off payments made by him of debts due to operatives by the corporation, cannot be sustained. If they were payments which would entitle him to contribution against the other stockholders, they cannot defeat the rights of the plaintiffs in this suit.

As was held in *Crease* v. *Babcock*, *ubi supra*, the plaintiffs are entitled to costs against all the defendants jointly.

*Decree accordingly.*