ALBERT S. APSEY, receiver, *vs.* ANNA G. WHITTEMORE.

Suffolk.　March 5, 6, 1908. — May 21, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*National Bank,* Liability of shareholder, What makes one a shareholder, Extension of period of succession. *Bank. Corporation. Statute.*

At the trial of an action, brought by the receiver of a national bank against one alleged to have been a shareholder therein, to collect the amount of an assessment ordered by the comptroller of the currency under U. S. Rev. Sts. §§ 5151, 5234, it appeared that a receiver had been appointed, that about two years before his appointment the twenty year period of succession of the bank had expired, that proper proceedings under U. S. St. 1882, c. 290, were taken and the period of succession was extended for twenty years. Section 5 of that statute provides that, in case of such extension, any shareholder not assenting "may give notice in writing to the directors within thirty days . . . in which case he shall be entitled to receive . . . the value of" his shares "to be ascertained by an appraisal made by . . . three persons, one to be selected by such shareholder, one by the directors, and a third by the first two; and, in case the value so fixed shall not be satisfactory to any such shareholder, he may appeal to the comptroller . . . who shall cause a. reappraisal to be made, which shall be final." Acting under § 5, the defendant within the thirty days allowed had given to the directors the required notice and named an appraiser, and the directors named as their appraiser the president of the bank, who was a director and large stockholder. Thereafter the defendant made all reasonable efforts to have a third member appointed, and employed counsel for that purpose, who had correspondence with an attorney of the bank, but to no purpose. The defendant did not surrender his certificate which had printed upon it a provision of the by-laws that the shares it represented were transferable only on the books of the bank in person or by attorney on the surrender of the certificate. Dividend checks were sent to the defendant, which he refused to accept and returned, asserting that he was not a shareholder. He did not use or assert any rights or privileges

as a shareholder after the time of the extension of the period of succession. *Held*, that the action could not be maintained, since, at the time the assessment was levied, the defendant had ceased to be a shareholder.

CONTRACT by the receiver of the First National Bank of Chelsea to recover from the defendant, as a shareholder therein, an assessment levied by the comptroller of the currency under U. S. Rev. Sts. §§ 5151, 5234. Writ in the Superior Court for the county of Suffolk dated March 5, 1907.

At the trial, which was before *Hardy*, J., evidence was introduced as stated in the opinion, and he directed a verdict for the defendant and, at the request of the parties, reported the case for the consideration of this court.

*G. L. Wilson*, for the plaintiff.

*G. H. Mellen*, for the defendant.

MORTON, J. On the sixteenth day of August, 1906, the First National Bank of Chelsea closed its doors and suspended business, and on the twenty-fifth day of the same month the plaintiff was duly appointed receiver by the comptroller of the currency. On September 25, 1906, the comptroller ordered an assessment on each share of stock of $100, payable on or before October 25, 1906, and ordered the plaintiff to collect the same by proper proceedings. This is an action by the receiver to recover of the defendant the assessment upon ten shares of which she is alleged to have been the owner at the time when the assessment was levied. The presiding judge ordered a verdict for the defendant, and the case is here on exceptions by the plaintiff to the ruling thus made and to the refusal to give certain rulings that were requested. We think that the ruling was right.

The question is whether the defendant was a shareholder when the assessment was levied. The facts are undisputed. The defendant became a shareholder in 1893. On September 5, 1904, the twenty year period of succession of the bank expired. Proper proceedings were taken under U. S. St. 1882, c. 290, and the articles of association were amended so that the period of succession was extended twenty years from that date. Section 5 of that act provides "That when any national banking association has amended its articles of association as provided in this act, and the comptroller has granted his certificate of approval, any shareholder not assenting to such amendment

may give notice in writing to the directors, within thirty days from the date of the certificate of approval, of his desire to withdraw from said association, in which case he shall be entitled to receive from said banking association the value of the shares so held by him, to be ascertained by an appraisal made by a committee of three persons, one to be selected by such shareholder, one by the directors, and the third by the first two; and in case the value so fixed shall not be satisfactory to any such shareholder, he may appeal to the comptroller of the currency, who shall cause a reappraisal to be made, which shall be final and binding; . . . and the value so ascertained and determined shall be deemed to be a debt due, and be forthwith paid, to said shareholder from said bank; and the shares so surrendered and appraised shall, after due notice, be sold at public sale, within thirty days after the final appraisal provided in this section." Within the thirty days thus provided the defendant gave the directors due notice of her desire to withdraw from the association and afterwards appointed one William R. Dresser as a member of the appraisal committee, and gave due notice of such appointment to the directors, and the directors appointed as a member one Sylvester B. Hinckley, a director of the bank and its president and a large stockholder. After waiting some months subsequent to the appointment of said Dresser and Hinckley, during which she made all reasonable efforts to have a third member appointed, but without success, the defendant, in September, 1905, employed counsel who communicated with Hinckley urging such appointment. Hinckley or the bank also employed counsel, and a correspondence, which proved ineffectual, ensued between the two attorneys in regard to the appointment. In January, 1905, the bank declared a regular dividend of three per cent and sent the defendant a check for the dividend on ten shares. The defendant promptly returned the check declaring that she was not a shareholder, and she never used or asserted any rights or privileges as a shareholder after September 5, 1904, the time when the twenty year period of succession of the bank expired. Further dividends were declared by the bank before its suspension, but none of them were sent to or received by the defendant. The defendant retained her certificate of stock and did not offer, so far as appears, to surrender it, and was credited

on the bank's stock ledger with the ten shares.   The certificate contained the provision, if that is material, that the shares were " transferable only on the books of the bank in person or by attorney on surrender of this certificate."   A by-law of the bank also contained the same provision.

We think that the defendant cannot and should not be held liable as a shareholder at the time when the assessment was levied.   The statute provides a method, as it is reasonable that it should, in which a shareholder who does not assent to the extension of the period of succession may withdraw from the association and have the value of his shares determined and paid to him.   By pursuing the method thus prescribed, the shareholder becomes a creditor of the association to the amount of the value of his shares as thus determined, and his rights and liabilities as a shareholder cease.   In the present case the defendant gave due notice that she did not assent to the extension and of her desire to withdraw from the association, and selected one person to act as a member of committee of appraisal, of which she duly notified the association, and the directors selected a second member of the committee.   Down to this point the requirements of the statute were strictly followed.   A third member of the committee was not, however, appointed by the two thus selected, and in consequence thereof no appraisal was made and the defendant did not surrender her shares, as it is implied by the statute that the shareholder shall do upon their appraisal and the payment of the value so determined ; and the plaintiff contends that by reason thereof the defendant remained liable as a shareholder to such assessments as might be levied.   But it appears from the undisputed facts, from which it is agreed that the court may draw such inferences as a jury could draw, that, for some months after the appointment of the two members of the committee, the defendant made in good faith all reasonable efforts to have the third member of the committee appointed, but without success, and finally employed counsel, whose labors were equally futile.   From the fact that the bank suspended payment a little less than two years after the extension of the period of succession, it would not be an unwarrantable inference that Hinckley, the member of the committee selected by the directors, and who was also the president and a large stockholder, did not care to

have such an investigation into the affairs of the bank as would have been necessary to appraise and determine the value of defendant's shares, and that the failure to appoint a third member of the committee was due to obstacles interposed by him to such appointment. But, however that may be, it is manifest that the defendant did all that could fairly or reasonably be required of her to secure the appointment of a third member of the committee and an appraisal of her shares. There is nothing to show that she did not act in so doing in entire good faith and honesty of purpose, or that she did not perform every duty which the statute required her to perform, to obtain an appraisal of her shares and payment of the value so determined. The case is not one where a shareholder has permitted his name to remain in outstanding certificates of stock and on the stock ledger of the bank as a shareholder, and has thereby become estopped as between himself and the creditors of the bank to deny that he is a shareholder. But it is a case where the defendant withdrew and never became a shareholder for the extended period of succession, and has continued constant in her assertion that she was not and is not a shareholder. She has not tacitly or otherwise done or assented to anything inconsistent with that position. The fact that she did not surrender or offer to surrender her certificate of stock is immaterial. She was not required to surrender it except upon payment of the appraised value. Neither is it material that the bank continued to credit her with the shares on its stock ledger. It could not by so doing make her a shareholder in an association of which she had refused and continued to refuse to remain a member, and from which she had used every means in her power to make her withdrawal effectual. Otherwise by crediting her with the stock on its books, the bank could constitute her a shareholder as to its creditors even after her stock had been surrendered. The general rule in this country, differing in that regard from the rule in England (*National Bank* v. *Case*, 99 U. S. 628); is that one who allows stock to stand in his name on the books of a banking association is liable for assessments so long as he permits the stock to stand in his name on the books, and that he will not be relieved from liability, notwithstanding he may have made an out and out transfer to another person, unless the stock has been transferred on the

books of the bank. *Matteson* v. *Dent*, 176 U. S. 521, 530, and cases cited. In the present case, as already observed, the defendant did not allow or permit the stock to stand on the books in her name, but did everything that she could to have the shares appraised in order that she might surrender them and receive payment therefor. The general rule is moreover subject to an exception where a shareholder has transferred his stock and it is accompanied by an adequate power of attorney to make the transfer, and the certificate and the power of attorney have been delivered to the officers of the bank for the purpose of having the transfer made, but the bank officers have failed to make the transfer. In such a case it is held that the party in whose name the stock stands on the books has ceased to be a shareholder. *Earle* v. *Carson*, 188 U. S. 42. *Whitney* v. *Butler*, 118 U. S. 655. It seems to us that the case before us is more analogous to the cases last cited than to those in which a shareholder, who permitted his name to remain on the books as a shareholder after he had transferred his shares, has been held liable. It may be that the defendant could by proper proceedings have compelled the appointment of a third member of the committee and an appraisal of her shares, but we do not think that she can be held liable as a shareholder for not having done so. Whether she would have ceased to be a shareholder if all that she had done had been to send to the directors notice of her desire to withdraw and of her refusal to assent to the extension of the period of succession and nothing more, it is not necessary to consider. She, in fact, did much more than that. Indeed, it is difficult to see what more she could have done than she did to sever all relations with the association as a shareholder for the extended period of succession. She might, it is true, have surrendered and sacrificed her stock, but she was not required to do so. To construe the statute as requiring her to do so would be offering a premium for obstructive tactics on the part of the officers of the bank when a shareholder gives notice that he does not assent to the extended period of succession and desires to withdraw and to have his shares appraised and to be paid therefor, upon their surrender, the amount so determined. We are of opinion that within a fair and reasonable construction of the statute the defendant had withdrawn from the association for the extended

period of succession and had ceased to be a shareholder at the time when the assessment was levied, and is not liable therefor. We see no error in the manner in which the presiding judge dealt with the case.

*Verdict to stand.*