KIMBALL v. APSEY.

(Circuit Court of Appeals, First Circuit. November 10, 1908.)

No. 780.

1. Banks and Banking (§ 246*)—National Banks—Withdrawal of Stockholder.

Under Act July 12, 1882, c. 290, § 5, 22 Stat. 163 (U. S. Comp. St. 1901, p. 3458), which provides that when a national bank has amended its charter, for the purpose of renewing the same, as therein provided, and has obtained a certificate of approval from the Comptroller, "any shareholder not assenting to such amendment may give notice in writing to the directors, within 30 days from the date of the certificate of approval, of his desire to withdraw from said association, in which case he shall be entitled to receive from said banking association the value of the shares so held by him, to be ascertained by an appraisal," etc., a shareholder ceases to be such on giving notice of withdrawal within the required time.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 246.*

2. Banks and Banking (§ 248*)—National Banks—Withdrawal of Stockholder—Liability for Assessment.

Where a stockholder in a national bank served notice of withdrawal on a renewal of its charter, as required by Act July 12, 1882, c. 290, § 5, 22 Stat. 163 (U. S. Comp. St. 1901, p. 3458), appointed an appraiser on his behalf and took all reasonable steps to obtain an appraisal of and payment for his shares as therein provided, and thereafter refused to accept dividends on his stock, he cannot be held liable for an assessment, made on the subsequent insolvency of the bank, on the ground of estoppel, although through a failure of duty on the part of the bank and its officers no appraisal was made, and his name was retained on the stockbook, and because of such failure to act his certificate of stock had not been actually surrendered.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 915; Dec. Dig. § 248.*

Who liable as shareholders in national banks, see notes to Beal v. Essex Savings Bank, 15 C. C. A. 130; Earle v. Carson, 46 C. C. A. 503.]

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the District of Massachusetts.

Wilbur H. Powers, for plaintiff in error.

George L. Wilson, for defendant in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

LOWELL, Circuit Judge. The defendant in error, hereinafter called the plaintiff, is receiver of a national bank. The plaintiff in error, hereinafter called the defendant, formerly held 40 shares of stock in the bank. On September 5, 1904, the charter of the bank was extended, pursuant to Act July 12, 1882, c. 290, 22 Stat. 163 (U. S. Comp. St. 1901, p. 3458). The material part of section 5 of that act reads as follows:

"That when any national banking association has amended its articles of association as provided in this act, and the Comptroller has granted his certificate of approval, any shareholder not assenting to such amendment may give notice in writing to the directors, within thirty days from the date of the certificate of approval, of his desire to withdraw from said association, in which case he shall be entitled to receive from said banking association the value of the shares so held by him, to be ascertained by an appraisal made by a committee of three persons, one to be selected by such shareholder, one by the directors, and the third by the first two; and in case the value so fixed shall not be satisfactory to any such shareholder, he may appeal to the Comptroller of the Currency, who shall cause a reappraisal to be made, which shall be final and binding; and if said reappraisal shall exceed the value fixed by said committee, the bank shall pay the expenses of said reappraisal, and otherwise the appellant shall pay said expenses; and the value so ascertained and determined shall be deemed to be a debt due. and be forthwith paid, to said shareholder from said bank; and the shares so surrendered and appraised shall, after due notice, be sold at public sale, within thirty days after the final appraisal provided in this section."

Within the time limited by statute, the defendant gave the required notice in writing. Thereafter he appointed Dresser as his member of the appraisal committee, and the bank appointed Hinckley as its member.

The defendant made all reasonable efforts in good faith to have the third member of the committee appointed without result. In September, 1905, he retained an attorney, who communicated with Hinckley, urging him to join in making the appointment. The effort failed. On January 1, 1905, the bank declared a dividend, and sent to the defendant a check for the amount thereof due on 40 shares. The defendant promptly returned the check, declaring that he was not a stockholder. Other dividends were declared to the defendant by the bank on July 1, 1905, and January 1 and July 1, 1906. None of these three dividends were sent to or received by the defendant. On the bank's stock ledger the defendant was credited throughout with 40 shares. The bank never refused the defendant or withheld from him any of the rights and privileges of a stockholder; but the defendant never used or asserted any of these rights or privileges after September 5, 1904. The stock certificates were in the defendant's possession at the time of trial. The plaintiff was duly appointed receiver of the bank on August 16, 1906. The Comptroller of the Currency duly ordered an as-

sessment of 100 per cent., which the receiver seeks to collect from the defendant in this action.

By the terms of the statute, the defendant ceased to be a stockholder of the bank on giving his notice of withdrawal September 5, 1904. The purpose of the statute is to permit any stockholder under the circumstances stated to withdraw at once from the bank and so to terminate his liability. Congress did not intend that this liability should continue throughout the time taken to appraise the value of the defendant's shares. The defendant ceased to be a stockholder upon his giving the required notice.

But a person who is not a stockholder may yet be liable as a stockholder to the creditors of a corporation, if he has placed his name upon the books of the corporation as a stockholder, or, in some cases, if he has permitted his name to remain upon its books after he has ceased to be a stockholder. In such case the stockholder is held liable by estoppel. Nat. Bank v. Case, 99 U. S. 628, 25 L. Ed. 448. The creditors are deemed to rely upon the statements contained in the corporation's books. In the case at bar, a necessary element of the estoppel is wholly wanting. The defendant did not place or cause to be placed his name upon the stock ledger after he had ceased to be a stockholder. He did not permit it to remain upon that book, and its retention was caused solely by a failure of duty on the part of the bank and its officers. Whitney v. Butler, 118 U. S. 655, 7 Sup. Ct. 61, 30 L. Ed. 266; Earle v. Carson, 188 U. S. 42, 23 Sup. Ct. 254, 47 L. Ed. 373. Under the circumstances, an offer to surrender the certificates would have been a vain formality. Even if it be admitted that the ingenuity of the plaintiff's counsel has now suggested some attempt at removal which the defendant omitted to make, and which might possibly have resulted in success, yet this suggestion falls far short of the evidence required to make out the defendant's estoppel. The defendant was not a stockholder in the bank at the time the receivership was instituted, nor was he at that time estopped from denying that he was a stockholder.

In Apsey v. Whittemore, 85 N. E. 91, where the facts were exactly similar, the Supreme Judicial Court of Massachusetts reached our result by a course of reasoning which may be somewhat different from ours, but is in no way inconsistent.

The judgment of the Circuit Court is reversed, the verdict is set aside, the case is remanded to that court for further proceedings consistent with our opinion passed down this day, and the plaintiff in error recovers his costs of appeal.