CHARLES J. NICHOLS & another *vs.* TAUNTON SAFE DEPOSIT AND TRUST COMPANY & others.

Suffolk.   October 26, 1909. — November 23, 1909.

Present: MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Corporation*, Liability of stockholders.   *Trust Company.   Receiver.*

Under R. L. c. 110, § 60, c. 116, § 30, as amended by St. 1905, c. 228, the receiver of an insolvent trust company subject to those statutes can enforce the personal liability of stockholders of the corporation for a debt of the corporation only when the corporation has neglected for thirty days after demand made on execution to pay the amount due or to exhibit property of the corporation subject to be taken on the execution sufficient to satisfy it, and the execution has been

returned unsatisfied; and, if the return on the execution was made on the same day that the demand under it was made upon the corporation, a suit in equity by the receiver to enforce the liability of stockholders cannot be maintained, as such a return not only fails to show that the execution remained unsatisfied at the end of thirty days after the demand made under it, but shows affirmatively that the opportunity was not afforded for thirty days for the corporation to exhibit property that might be taken upon the execution.

St. 1905, c. 228, amending R. L. c. 116, § 30, created no new liability of the stockholders of trust companies subject to that act, but merely extended to receivers of insolvent trust companies of the class designated the right to enforce, with the approval of the Supreme Judicial Court, the rights which the statutes without such amendment gave to any creditor of such corporations.

BILL IN EQUITY, filed in the Supreme Judicial Court on June 28, 1907, by Charles J. Nichols, a creditor of the Taunton Safe Deposit and Trust Company, a corporation created by St. 1897, c. 468, to enforce the personal liability of the stockholders of that corporation, and amended in accordance with an order of the court on October 29, 1907, by making Frederick S. Hall, the receiver of the corporation, a plaintiff.

The case was referred to L. Elmer Wood, Esquire, of Fall River as master, and later was heard by *Rugg*, J., upon the master's report and exceptions thereto, and upon a petition of the receiver to be permitted to levy an assessment on the stockholders of the corporation under R. L. c. 116, § 30, as amended by St. 1905, c. 228. The justice made a decree dismissing the bill as to certain deceased stockholders whose estates had been settled, and reported, for determination by the full court, the questions of law arising upon the bill and answers of such other defendants as had excepted to the master's report, the master's report and exceptions thereto, the petition of the receiver for an assessment upon stockholders, and the findings which the justice had made, such decree to be entered as law and justice required.

The findings of the master in regard to the only matter considered by this court were as follows:

On February 1, 1907, the plaintiff Charles J. Nichols obtained a judgment against the defendant Taunton Safe Deposit and Trust Company in the First District Court for the County of Bristol in the sum of $377.43 debt or damages, and $5.49 costs of suit, being, in the whole, $382.92.

" That an execution issued on such judgment, dated February 2, 1907, amounting to $382.92, and was delivered to David

Dean, a deputy sheriff for said county of Bristol, and on February 2, 1907, said Dean demanded of the Taunton Safe Deposit and Trust Company, and of its treasurer, Percival C. Lincoln, payment of the amount of said execution, and of the officer's fees thereon; that the said Taunton Safe Deposit and Trust Company, for the space of thirty days after said demand, did refuse and neglect to pay the same, or to exhibit to said officer any real or personal estate of said company subject to be taken on execution, and sufficient to satisfy the said execution, or any part thereof."

The only evidence, of such refusal and neglect of the company to pay the amount demanded or to exhibit to the officer any real or personal estate of the company subject to be taken on execution and sufficient to satisfy the execution or any part thereof, was that contained in the officer's return on the execution, which was as follows: "Bristol ss.   February 2, 1907. By virtue of this execution I have this day demanded of Percival C. Lincoln, treasurer of the within named corporation, to exhibit to me any goods, chattels or lands of said corporation, the judgment debtor, on which I could levy to satisfy this execution, which he neglected and refused to do.   And I have made diligent search for such goods chattels or lands but could find none within my precinct.   I therefore return this execution not satisfied in any part.   David Dean, Deputy Sheriff."

Percival C. Lincoln, who was treasurer of the Taunton Safe Deposit and Trust Company before the receivership, testified, and the master found as a fact, that the execution remained unsatisfied in every part; that the entire amount of the execution was still due; and that David Dean returned the execution unsatisfied on February 2, 1907.

*F. S. Hall*, (*G. F. Williams* of Taunton with him,) for the receiver.

*W. R. Bigelow*, for the defendant Charlotte H. Conant.

*G. A. Sweetser*, (*F. E. Sweet* with him,) for the defendant George B. Baker and others.

*S. D. Conant*, for the defendant Augustus C. Walker and others, submitted a brief.

LORING, J.   1. Unless the personal liability of stockholders in trust companies subject to R. L. c. 116 depends upon one set of facts when the personal liability is enforced by a creditor,

and upon another set of facts when it is enforced by a receiver, the decision of this court in *Priest* v. *Essex Hat Manuf. Co.* 115 Mass. 380, is fatal to the maintenance of this suit.

In *Priest* v. *Essex Hat Manuf. Co.*, as in the case at bar, the return on the execution was made on the day on which the demand under it was made upon the corporation. In deciding that case Wells, J., speaking for this court, said: " Section 4 provides that ' after the execution shall be so returned, the judgment creditor, or any other creditor, may file a bill in equity, in behalf of himself and all other creditors.' This shows conclusively that the return of the execution contemplated by the statute is its return unsatisfied after the neglect of the corporation for the period of thirty days, which alone warrants a return upon which the creditors can proceed against directors or stockholders. One alternative allowed to the corporation is, at any time within the thirty days, to exhibit to the officer property that he may take upon the execution. This implies that the execution is to remain in his hands for that purpose ; and before the directors or stockholders can be proceeded against, his return must show default in this respect. In the present case, the return, having been made on the same day with the first demand, not only fails to show that the execution remained unsatisfied at the end of the thirty days thereafter, but shows affirmatively that the opportunity was not kept open for thirty days for the corporation to exhibit property that might be taken upon it. We think this is a step in the process which must be taken by formal proceedings; and cannot be supplied by proof that the corporation neglected to pay the debt, made no attempt to exhibit property, and had none to exhibit. The omission cannot be regarded as immaterial because it does not affect the equity of the case. The liability does not rest upon equity, but is of strict statute imposition."

The statute under consideration in *Priest* v. *Essex Hat Manuf. Co.* was St. 1862, c. 218, § 3, and is the very act which is embodied to-day in R. L. c. 110, § 60.

The return in the case at bar, made on the day of the demand although in fact filed in court more than thirty days later, does not satisfy the statute in requiring a " return unsatisfied after the neglect of the corporation for the period of thirty days."

2.  In our opinion the amendment to R. L. c. 116, § 30, made by St. 1905, c. 228, did not create a new liability on the part of stockholders of trust companies subject to that act, but its scope was to enable a receiver to do what both before and after St. 1905, c. 228, could be done by any creditor.  R. L. c. 116, § 30, provides that R. L. c. 110, §§ 60–68, should apply to regulate the enforcement of the liability of stockholders in trust companies described in R. L. c. 116, § 1.  By the express provisions of R. L. c. 110, § 62, any creditor can bring a bill in equity in behalf of himself and all other creditors to enforce the liability of stockholders after that liability has been brought into being by the recovery of a judgment followed by the neglect of the corporation, for thirty days after demand made on execution, to pay the amount due with the officer's fees, or to exhibit to him real or personal property of the corporation subject to be taken on execution sufficient to satisfy the same, and the return of the execution unsatisfied.  The only change made by St. 1905, c. 228, was to enable a receiver, if there was one, as well as any creditor, to bring the bill, which, no matter by whom brought, was a bill in behalf of all creditors to enforce a liability which had theretofore been brought into being by complying with the statutory requirements.

No other construction can be given to R. L. c. 116, § 30, as amended by St. 1905, c. 228.  So amended it provides: " The provisions of sections sixty to sixty-eight, inclusive, of chapter one hundred and ten shall apply to and regulate the enforcement of such liability, and receivers of insolvent trust companies may, with the approval of the Supreme Judicial Court, enforce such liability."  " Such liability " which the receiver can enforce cannot be construed to be other than " such liability " the enforcement of which is made dependent upon and regulated by R. L. c. 110, §§ 60–68.

*Bill dismissed.*