MARY T. COYLE, executrix, & another, receiver, *vs.* TAUNTON SAFE DEPOSIT AND TRUST COMPANY & others.

Suffolk.    October 27, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Res Judicata. Trust Company,* Personal liability of stockholder. *Limitations, Statute of. Receiver. Equity Jurisdiction,* To enforce personal liability of stockholder, Set-off of claim barred by statute of limitations. *Set-off. Equity Pleading and Practice,* Costs.

A final decree in a suit in equity of "Bill dismissed" is not a bar to another suit between the same parties praying for the same relief unless such decree was made upon the merits; and where the record does not show on what ground the former bill was dismissed, the plaintiff in the new suit may show by extrinsic evidence that the former bill was dismissed on account of a defect in the preliminary proceedings and that the merits could not have been considered.

Under R. L. c. 116, § 30, which incorporates R. L. c. 110, § 60, a suit in equity by a judgment creditor to enforce the personal liability of a stockholder in a trust company can be brought only when the corporation has neglected to satisfy an execution for thirty days after demand on such execution has been made, and accordingly such a suit, which was begun less than four months after the execution against the trust company first was returned unsatisfied after the expiration of thirty days from the demand, is not barred by the six year limitation of R. L. c. 202, § 2, nor by the one year limitation of § 5, even if such a

suit is one for a penalty or forfeiture, which the court did not intimate that it was.

By St. 1905, c. 228, amending R. L. c. 116, § 30, the liability of the stockholders of an insolvent trust company for the debts of the corporation may be enforced by the receiver of the property of the corporation with the approval of the Supreme Judicial Court.

Under R. L. c. 116, § 30, the liability of the stockholders of a trust company for the debts of the corporation is not joint and several, but the stockholders are "personally liable, equally and ratably and not one for another, for all contracts, debts and engagements of the corporation, to the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares."

Where under St. 1905, c. 228, the receiver of the property of an insolvent trust company is joined as a plaintiff in a suit in equity brought by a judgment creditor against the stockholders of the trust company to enforce their personal liability under R. L. c. 116, § 30, the defendants are liable only for the amount of the debts to the creditors and cannot be held liable for the expenses of the receivership.

A debt, upon which recovery against an executor is barred by the special statute of limitations, may none the less be set off against a counterclaim of the executor.

In a suit in equity under R. L. c. 116, § 30, by a judgment creditor of an insolvent trust company against a person alleged to be a stockholder of the trust company to enforce his personal liability under R. L. c. 116, § 30, where the receiver of the property of the trust company has been made a plaintiff, it is no defense that the defendant sold his shares of stock a number of months before the filing of the petition for the appointment of the receiver, if the trust company was not notified of the sale and no new certificate ever was demanded or issued and the defendant continued to be a stockholder of record on the books of the company.

In a suit in equity by a judgment creditor of an insolvent trust company against the stockholders of the company to enforce their personal liability under R. L. c. 116, § 30, although by the terms of that statute the defendants can be held liable for the debt due to the creditor only in severalty in proportion to the number of their shares, yet they can be held liable for the costs of the suit jointly and severally.

BILL IN EQUITY, filed in the Supreme Judicial Court on July 1, 1911, by Patrick Coyle, a judgment creditor of the Taunton Safe Deposit and Trust Company, an insolvent corporation, in behalf of himself and all other creditors of that corporation against certain stockholders of that corporation to enforce the alleged liability of the defendants under R. L. c. 116, § 30, as amended by St. 1905, c. 228.

On suggestion of the death of Patrick Coyle, Mary T. Coyle, the executrix of his will, was permitted to prosecute the suit as plaintiff. Later, on motion of Frederick S. Hall, the receiver of the property of the Taunton Safe Deposit and Trust Company,

the suit was discontinued against such receiver as a party defendant, and he, as receiver, was given leave to appear as a party plaintiff, and thereupon he so appeared.

Among the defenses set up in the answers of the defendants, was the allegation that the decree of "Bill dismissed" in the suit of Nichols against the Taunton Safe Deposit and Trust Company, reported in 203 Mass. 551, which was brought in behalf of the creditors to enforce the same liability of the stockholders and in which the receiver also was made a plaintiff, was a bar to this suit. Other defenses set up were the statute of limitations and laches.

The answer of the administrator *de bonis non* with the will annexed of the estate of Field set up the defense of the special statute of limitations as to suits against an executor or administrator, R. L. c. 141, § 9.

The answer of the defendant White alleged, that, although he was a stockholder of record on the books of the corporation at the time the receiver was appointed, he was not the actual owner of any shares of stock at that time, having sold his shares a number of months before the filing of the petition for the appointment.

The case was heard by *Loring*, J., who found among other facts those that are stated in the opinion. He found on the evidence before him and ruled that the earlier bill brought by Nichols was dismissed on the ground of a defect in the preliminary proceedings and not upon its merits and that therefore the defense of *res judicata* was not sustained. He ruled that the suit was not barred by the six year statute of limitations, R. L. c. 202, § 2, nor by the one year limitation under § 5 relating to actions for penalties or forfeitures under penal statutes. He found that neither the original plaintiff nor the receiver was guilty of laches.

In regard to the defendant administrator with the will annexed of the estate of Field, the justice found that Field died on January 16, 1906, that his will was proved and an executor was appointed, who gave notice of his appointment but who rendered no final account, and that the estate remained unsettled, that at the time of Field's death the receiver held $453.01 belonging to Field as a depositor, which he continued to hold, and that when the receiver was appointed Field owned ten shares of the trust company. The justice ruled that when the administrator of Field's estate sued the receiver for the $453.01, the receiver could set off the amount

due on the ten shares of stock that had belonged to Field, but that otherwise the suit against him was barred by R. L. c. 141, § 9.

In regard to the defendant White, the justice found that he sold his stock before February 20, 1904, but that the trust company never was notified of the sale nor was any new certificate ever called for or issued to the purchaser, and that the books of the trust company at the time of the receivership and at the time of the hearing showed him to be the owner of twelve shares of stock. The justice ruled that upon these facts the sale of stock did not relieve this defendant from liability.

The justice reported the case for determination by the full court.

The case was submitted on briefs.

*F. E. Sweet,* for the Bridgewater Savings Bank and others.

*G. A. Sweetser,* for George B. Baker and others.

*W. R. Bigelow,* for Charlotte H. Conant.

*S. D. Conant,* for Augustus C. Walker and others.

*F. S. Hall,* receiver, *pro se.*

SHELDON, J.  1. The single justice found that the final decree dismissing the bill of Nichols against these defendants, reported in 203 Mass. 551, was entered on the ground of a defect in the preliminary proceedings, and not upon the merits. But it is contended that the entry of the decree "Bill dismissed," after a hearing upon the merits, is of itself an absolute bar to the maintenance of another bill between the same parties for the same cause of action, and that evidence to show that the decree was entered, not upon the merits, but for some other reason which did require a dismissal of the bill but did not go to the real merits of the case, cannot be received. Reliance for this contention is put mainly upon the cases of *Bigelow* v. *Winsor,* 1 Gray, 299, and *Foote* v. *Gibbs,* 1 Gray, 412. Some of the language used in those opinions, taken by itself, would support this position. In the first of them, it was said that "a plea in bar, stating a dismissal of a former bill, is conclusive against a new bill, if the dismissal was upon hearing, and if that dismissal be not, in direct terms, without prejudice." But in that case, as the opinion goes on to show, the decree in the former suit stated the grounds upon which it was made and thereby showed that it had been entered upon the merits and that the point afterwards sought to be raised had

been tried and determined in the former suit. The language which we have quoted must be limited to the circumstances thus presented, or it would be the merest dictum. And in the second case nothing more appeared than that the bill, after issued joined, had been dismissed upon the defendants' motion. There was nothing to indicate that the dismissal had not been made upon the merits. *Primâ facie,* at least, it is abundantly settled that this would be so. *Corbett* v. *Craven,* 193 Mass. 30. But in neither of these cases was it decided, and so far as we have been able to discover it never has been decided in this Commonwealth, that where a bill has been dismissed, though the decree was without qualifying words, evidence either from the record or *dehors* that record may not be received to show what was the actual ground of the dismissal. Exactly the contrary has been held by this court. In *Butchers' Slaughtering & Melting Association* v. *Boston,* 137 Mass. 186, an action at law, it appeared that before bringing that action the plaintiff had brought a bill in equity against the defendant for the same cause of action, but there had been no further pleadings, and after several continuances the court, by the agreement of the parties, had entered a decree dismissing the bill with costs. This decree, though entered by consent, was of course no less binding upon the parties in other litigation between themselves as to the same subject matter. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100, 109. The defendant contended that this decree, not having been made without prejudice or without prejudice to an action at law, was conclusively presumed to have been entered upon the merits. But the court, although citing the cases of *Bigelow* v. *Winsor* and *Foote* v. *Gibbs, ubi supra,* rejected this contention and said, "A decree dismissing a bill upon a hearing and adjudication of the merits is a bar to another suit, either in equity or at law, between the same parties for the same cause of action. . . . But if a bill is dismissed for some cause not involving an adjudication upon the merits, such as that the plaintiff has an adequate remedy at law, such dismissal is not a bar to an action at law. *Foote* v. *Gibbs, ubi supra. Kempton* v. *Burgess,* 136 Mass. 192. If the record does not show for what cause the bill is dismissed, resort may be had to extrinsic evidence to show this." To the same effect is the decision in *Maxwell* v. *Clarke,* 139 Mass. 112, in which

a plaintiff at law was allowed to show that a decree dismissing his prior bill in equity was rendered upon the bare ground that he could not come into equity without having first obtained a judgment at law. The only difference between that case and the case at bar is that there the plaintiff could not bring his bill until he had obtained a judgment at law, while here the plaintiff cannot have relief in equity until he has obtained a judgment and made demand upon his execution, and the execution has remained unpaid and unsatisfied for thirty days thereafter. But in each case there is a right to show that the general decree of "Bill dismissed" in the former suit was entered because of the failure to take a preliminary step before coming into equity, and not upon the merits of the claims set out in the bill.

The decision in *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 164 Mass. 222, rests upon the same ground, though there it was a decree in favor of the plaintiff which was explained, and the doctrine was carried much further than here is necessary.

In *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, it was held that if a decree of "Bill dismissed" might have been entered upon either one of two grounds, evidence could be introduced to show which was the actual ground, and the decree would not be necessarily conclusive upon all grounds in other litigation between the parties. And the reasoning of the court in *Newhall* v. *Enterprise Mining Co.* 205 Mass. 585, *Leverett* v. *Rivers,* 208 Mass. 241, and *Cote* v. *New England Navigation Co.* 213 Mass. 177, goes in the same direction.

It sufficiently appears by the record of the Nichols case the rescript, which is a part thereof, and the opinion of the court (203 Mass. 551) which is referred to in the rescript, that the decree of "Bill dismissed" was entered by reason of the fact that the execution on which the bill was grounded had been returned too early to the court; so that there was in the preliminary proceedings no sufficient foundation for the bill, and the real merits of the suit were not and could not have been considered.

Nothing in what we have said is at variance with the well settled rule that between the parties and their privies a judgment or final decree upon the merits includes everything that was or might have been litigated in the case as it came before the court. *Corbett* v. *Craven,* 193 Mass. 30, and cases cited.

It follows that the defense of *res judicata* cannot be sustained; and the order to that effect made by the single justice must be affirmed.

2. The remedy is not barred by any statute of limitations. The right of action did not arise until the execution against the company had been returned duly to court unsatisfied. *Nichols* v. *Taunton Safe Deposit & Trust Co.* 203 Mass. 551. The bill was brought within less than four months after that time. Even if the suit was for the recovery of a penalty or forfeiture, which we do not intimate, it was brought seasonably. Nor can we say as matter of law that laches such as to prevent the maintenance of the bill is disclosed; and the question of fact is settled by the finding of the single justice made upon evidence which has not been reported.

3. The bill originally was brought by a single creditor of the corporation, in behalf of himself and all other creditors, and is now prosecuted by the receiver under the provisions of St. 1905, c. 228. But it is settled by the Nichols case (203 Mass. 551, 555) that the liability of the stockholders is the same as if the suit were still controlled and prosecuted by the single creditor. Moreover the liability of these stockholders is not joint and several, like that created by R. L. c. 110, §§ 58, 59.* In this case, the stockholders are "personally liable, equally and ratably and not one for another, for all contracts, debts and engagements of the corporation, to the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares." R. L. c. 116, § 30. The rule laid down in *Crease* v. *Babcock*, 10 Met. 525, 558, should be followed, and each stockholder must be held for such a sum, not exceeding the par value of his shares, as the amount of the unpaid debts may require, and the liability of those stockholders from whom collection can be enforced is not to be increased to make up for the inability or irresponsibility of other stockholders. *Wiswell* v. *Starr*, 48 Maine, 401. *Maine Trust & Banking Co.* v. *Southern Loan & Trust Co.* 92 Maine, 444, 453. *Matter of Hollister Bank of Buffalo*, 27 N. Y. 393. *Adkins* v. *Thornton*, 19 Ga. 325, 328. *Lease* v. *Barschall*, 106 Fed. Rep. 762. It follows that the amount for which each stockholder is to be held cannot exceed about $30 upon each one of his shares.

---

* Repealed by St. 1903, c. 437, § 95. See now §§ 33–38 of that statute.

4. A further question is whether the expenses of the receivership are to be included in the amount to be reckoned against the defendants. This was done in *Converse* v. *Ayer,* 197 Mass. 443, 456; but this was because it had been so held by a court in Minnesota under the statute of that State, and that decision was held to be binding upon all the stockholders as parties to the litigation. The general rule is that the expenses of a receivership do not constitute an indebtedness of any of the parties to the suit, but are to be defrayed out of the fund or property in the hands of the receiver. *Richmond* v. *Irons,* 121 U. S. 27, 64. *Atlantic Trust Co.* v. *Chapman,* 208 U. S. 360. *Beckwith* v. *Carroll,* 56 Ala. 12. *Radford* v. *Folsom,* 55 Iowa, 276. *Jaffray* v. *Raab,* 72 Iowa, 335. *Joslyn* v. *Athens Coach & Car Co.* 43 Minn. 534. But, however that may be, we have seen that the right of the receiver who now prosecutes the suit is the same as that of the creditor by whom it was brought. Plainly that creditor could have a decree only for the actual indebtedness of the corporation; and it necessarily results that the receiver can have nothing more.

The amount for which the stockholders are to be held will be accordingly something less than $30 per share. The report does not give us the means of determining this amount. Probably the parties will be able to agree upon it. If not, it must be found by a single justice.

5. The single justice correctly ruled that the receiver could set off the amount due upon Field's ten shares against the claim of Field's estate for the money due from the corporation, but that recovery against his estate was barred otherwise. This requires no discussion.

6. The ruling that White was liable as stockholder was correct. *Richmond* v. *Irons,* 121 U. S. 27, 58. *Apsey* v. *Whittemore,* 199 Mass. 65.

7. All the stockholders, except Field's administrator with the will annexed and except those as to whom the bill has been dismissed, appear to be liable, but only in severalty, for the respective amounts proportioned to the number of their shares and to be determined as has been stated. But they are jointly and severally liable for the costs of the suit. *Burnap* v. *Haskins Steam-Engine Co.* 127 Mass. 586. A decree will be entered charging each defendant, except as has been stated, with the amount of his in-

dividual liability, and charging them all, with the same exception, with the costs of the suit, executions to issue accordingly. As to Field's executor, no costs should be allowed to either party.

*Decree accordingly.*