Brown et al. v. Melick, 185 Ill. App. 3.

# William G. Brown and M. A. Brown, trading as Bank of Rochester, Plaintiffs in Error, v. John E. Melick et al., Defendants in Error.

1. CORPORATIONS, § 305*—*personal liability of officers of railroad corporation under section 18 of General Incorporation Act.* Section 18, ch. 32, Hurd's R. S. 1911, J. & A. ¶ 2435, making persons who assume to exercise corporate powers or use the name of a pretended corporation without complying with the provisions of the act liable jointly and severally for all debts and liabilities contracted in the name of such corporation, is not applicable to railroad corporations which are incorporated under Hurd's R. S. 1911, ch. 114, J. & A. ¶¶ 8735 *et seq.*

2. CORPORATIONS, § 305*—*when promoters of incompleted corporation not liable as partners.* Co-operating together and subscribing for stock in a contemplated corporation, and carrying on the business of the corporation before the corporate powers are completed and full authority had for the transaction of corporate business, cannot create a partnership among the persons co-operating unless there is an express provision of the statute making them liable as such.

3. PARTNERSHIP, § 7*—*when partnership liability exists.* A partnership is a contractual relation created either by an express or implied agreement, and unless there is such an agreement between the parties or an act of the legislature creating a partnership liability, no partnership exists.

4. CORPORATIONS, § 59*—*when persons estopped to deny corporate existence of railroad company.* Where a person as payee of a note accepts the same from a railroad corporation as the note of such corporation, he cannot deny its corporate existence whether it be a *de facto* or a *de jure* corporation, nor can a bank as assignee of such note, who has transacted business with such corporation as such and permitted it to overdraw its account as a corporation, deny its corporate existence.

5. CORPORATIONS, § 34*—*when railroad company is a de facto corporation.* Where persons attempting to create a railroad corporation comply with the statute by executing and filing the necessary papers with the Secretary of State and establish its home office in a certain county, the organization thereby becomes a corporation *de facto*, though the articles of incorporation are not filed in all the counties through which it is intended to operate the road.

6. CORPORATIONS, § 32*—*how existence of a corporation de jure may be inquired into.* The right of a railroad corporation to exist

as a *de jure* corporation can only be inquired into by the State in a quo warranto proceeding.

Error to the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed December 27, 1913. *Certiorari* denied by Supreme Court (making opinion final).

S. H. CUMMINS, for plaintiffs in error.

GEORGE M. MORGAN, for defendants in error.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Defendants are the promoters of an interurban railroad known as the Mississippi Valley Interurban Railway Company, organized under the statute of Illinois for the incorporation of railroads by steam and other power. The incorporators after filing the incorporation papers with the Secretary of State, as required by law, proceeded with the corporate powers of a corporation duly and regularly organized as a railroad company. They borrowed money and created obligations in the name of the corporation. The defendants herein are the officers and directors of the corporation, and caused to be executed to one Warren E. Lewis a note for $6,075, due on or before eighteen months after date of October 19, 1910. The note was signed by the Mississippi Valley Interurban Railway Company, by John E. Melick, President. This note was assigned to the plaintiffs, doing business as the Bank of Rochester. After plaintiffs obtained this note defendants made arrangements with the Bank of Rochester to do business through their bank and in the course of business overdrew their account.

Plaintiffs bring this action against the defendants to recover the amount of the note and overdraft, alleging that they failed to complete the incorporation and falsely assumed the corporate powers of a railroad company and assumed to act as such without authority

of law, and having falsely assumed such powers are liable as partners for the indebtedness created by them in the name of the corporation.

The trial court sustained a demurrer to the declaration; plaintiffs elected to stand by their declaration and appeal from the judgment of the court on the demurrer.

The declaration sets forth in apt words in its various counts an alleged attempt to incorporate the Mississippi Valley Interurban Railway Company by the defendants, the execution of articles of incorporation and filing the same with the Secretary of State, and then alleges that the defect and failure to complete the organization consists in a failure to file the articles of incorporation in the recorder's office of the various counties through which the railroad was intended to be constructed, as set forth in the articles of incorporation, there being seventeen counties named therein through which it was intended to construct and operate the road, plaintiffs insisting that by reason of the failure to file the articles of incorporation in these counties the incorporation was never completed, and that the defendants had no right or authority to assume corporate powers or create any indebtedness in the name of the corporation, and in doing so became liable as partners in the transaction.

Plaintiffs insist that the recording of these articles of incorporation in all these counties was a condition precedent to the right of the defendants to assume corporate powers, transact business and create any indebtedness in the name of the railroad company, and to support their contention rely upon section 18, chapter 32 (Hurd's R. S. 1911, J. & A. ¶ 2435) of the General Incorporation Act of the Statute of Illinois concerning corporations organized for pecuniary profit, which is as follows: ''If any person or persons being, or pretending to be an officer or agent, of board of directors, of any stock corporation, or pretended

stock corporation, shall assume to exercise corporate powers or use the name of any such corporation, or pretended corporation without complying with the provisions of this act, or before all stock named in the articles of incorporation shall be subscribed in good faith, then they shall be jointly and severally liable for all debts and liabilities made by them and contracted in the name of such corporation or pretended corporation.''

Chapter 32, regarding the formation of corporations for pecuniary profit, especially provides, however, that railroads cannot be incorporated under that act, and for the purpose of incorporating a railroad the requirements necessary to be complied with are found in chapter 114, Hurd's R. S. 1911. (J. & A. ¶¶ 8735 *et seq.*) This chapter, providing for the incorporation of railroads, is a separate and distinct act from chapter 32, which is the General Incorporation Act. Chapter 114 contains no such provision or condition as is contained in section 18, of chapter 32, and unless this section 18 is applicable to the incorporation of a railroad under chapter 114, then the trial court properly sustained the demurrer to this declaration.

Appellants insist that section 18 must be construed as applicable to chapter 114, under the general rule of construction of statutes that where different enactments of the legislature relate to the same matters, and there is no restriction in their application, then, so far as applicable, the two acts must be read together.

Appellants contention is untenable for the reason that chapter 32 provides that railroads shall not be incorporated thereunder, and section 18 of chapter 32 further provides that parties creating any indebtedness before all the requirements of *"this act"* (meaning the act providing for the corporations organized for pecuniary profit), which act does not include railroads, are complied with shall become liable as partners. Where the legislature specifically provided that section 18 should apply only to the assumption of cor-

porate powers by persons attempting to organize corporations under chapter 32, section 18, it cannot be applied to chapter 114, a separate and distinct act.

A partnership is a contractual relation created, either by an expressed or implied agreement, and unless there is an agreement, expressed or implied, between the parties, or an act of the legislature creating a partnership liability, no partnership exists. It is a contract that cannot be created by mere operation of law. Co-operating together and subscribing for stock in a contemplated corporation, and carrying on of the business of the corporation before the corporate powers are completed and full authority had for the transaction of the corporate business, cannot create a partnership among the persons so co-operating, and unless there is an express provision of the statute making them liable as such they cannot be so held. *Priest v. Essex Hat Mfg. Co.*, 115 Mass. 382; *Terry v. Little*, 101 U. S. 218.

Persons in their individual capacity have no right, no power or authority to organize, build or operate a railroad. The only manner by which persons intending to operate a railroad in this State can acquire the right to do so is by incorporating under chapter 114, Hurd's R. S. 1909. (J. & A. ¶ 8735.) Plaintiffs must be held to have known of the conditions and requirements of this statute.

The note sued on in this case is the note of the corporation, executed by it by its president. The payee accepted this note as the note of a corporation, the Mississippi Valley Interurban Railroad Company. He thereby recognized and dealt with this Company as a corporation, and he could not be permitted, under the law after dealing with a corporation and recognizing it as a corporate body, to deny its corporate existence, whether it be a *de facto* or *de jure* corporation. The right of the corporation to do business can only be inquired into by quo warranto, and the plaintiffs in this action, being the assignees of this note and having trans-

acted business with the defendant corporation as such and permitted it to overdraw its account as a corporation, cannot now be permitted to deny its corporate existence, and hold the officers and directors liable unless permitted to do so by express statute.

Defendants attempted to create a railroad corporation, and having complied with the provisions of the statute relating thereto by executing and filing the necessary corporate papers with the Secretary of State, establishing its home office in Sangamon county, the organization thereby became a corporation *de facto,* and even if the contention of plaintiffs is correct, that it was a condition precedent to create a *de jure* corporation, that the articles of incorporation must be filed in all of the counties through which it was intended to operate the road, the railroad company nevertheless became a *de facto* corporation, and its right to exist as a *de jure* corporation can only be inquired into by the State by writ of quo warranto.

The trial court properly sustained the demurrer and the judgment is affirmed.

*'Affirmed.*