GLOUCESTER WATER SUPPLY COMPANY *vs.* CITY OF GLOUCESTER.

Essex. December 17, 1903. — May 18, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Commissioners. Practice, Civil. Contract,* Validity.

Under St. 1901, c. 366, relating to the compensation of commissioners appointed by the Supreme Judicial Court or by the Superior Court, to hear parties, assess damages and make an award to be returned into court, the court has no power to order the compensation of the commissioners to be taxed as part of the costs or to be paid by one or both of the parties, the statute providing that such compensation as the court shall award to the commissioners shall be paid by the county in which they are appointed. *Semble,* however, that if the parties to the award have made a special contract providing that the parties or the unsuccessful party shall pay the compensation of the commissioners, it will be enforced.

St. 1901, c. 366, relating to the compensation of commissioners appointed by the Supreme Judicial Court or the Superior Court, which by its terms is made applicable to pending cases, applies to a case in which at the time of the passage of the act an award of commissioners is before this court on questions reserved by a single justice for determination by the full court, especially where the compensation of the commissioners is one of the matters reserved for decision.

Payment of costs provisionally by one of the parties to an award of commissioners, while it is before this court does not change the legal status of the award on the subject of costs, the payment being presumed to have been made subject to the action of the court upon the validity and legal effect of this part of the award.

PETITION, filed October 29, 1895, to determine the value of the petitioner's water plant purchased by the respondent on September 24, 1895, under St. 1895, c. 451, § 16.

The case was before this court at a previous stage as reported in 179 Mass. 365. At the present time it came before the court on an appeal by the respondent from the decree of a single justice of this court, recommitting the commissioners' report with directions to the commissioners to report the amount of their compensation to be paid by the parties.

The case was argued at the bar in December, 1903, before *Knowlton*, C. J., *Morton, Lathrop, Barker, & Braley*, JJ., and afterwards was submitted on briefs to all the justices.

*A. E. Pillsbury,* ( *C. A. Russell* with him,) for the respondent.

*R. M. Morse,* for the petitioner.

KNOWLTON, C. J. Commissioners were appointed under the St. 1895, c. 451, to award compensation for the taking of the Gloucester Water Supply Company's property by the respondent. The questions before us relate to the power of these commissioners, under existing legislation, to fix their own compensation to be·paid by the parties under their award. The statute now in force, embodied in the R. L. c. 165, § 54, took effect May 3, 1901, and was first enacted in St. 1901, c. 366, as follows : " Whenever, upon a petition for the assessment of damages or in any other proceeding authorized by law one or more commissioners are appointed by the supreme judicial court or by the superior court to hear parties, assess damages and make an award to be returned into court, the court shall award reasonable compensation to each of such commissioners, to be paid by the county in which they are appointed, and not to be taxed in the bill of costs of either party to the action. Section 2. This act shall apply to pending cases as well as to those hereafter begun, and shall take effect upon its passage." This statute covers the whole subject of the compensation of commissioners appointed for such purposes, and it leaves in the commissioners no power to award any compensation to themselves to be paid by either of the parties, and in the court no power to make an order or decree for the payment of any such compensation by any party to the proceeding. *Boston Belting Co.* v. *Boston,* 183 Mass. 254, 261. It provides fully for the compensation of such

commissioners, to be paid from the treasury of the county. Of course, it does not affect the validity of contracts made by commissioners in their private capacity with parties to such proceedings. If parties choose to make special contracts with commissioners in regard to their compensation, these contracts are enforceable. But in the absence of such contracts, there is no way in which commissioners or the court can compel a party to pay any part of the commissioners' compensation.

By its terms the statute is made applicable to pending cases. In every sense the present case was pending when the act was passed. The rescript from the full court to the county court was not sent until June 19, 1901, a month and a half after the passage of this act. Until then it was not known whether the report of the commissioners would be sustained upon the principal questions raised at the hearing. The whole matter was before the court, and the case might have been recommitted to the commissioners for a rehearing upon important substantive questions. In a special sense it was pending upon the questions relating to the compensation of the commissioners, for their report was attacked in this particular, and was sent back for further hearing before a single justice. The case is still pending, for not only was their original award as to compensation subject to rejection or revision by the court, but it was found by the single justice, who has since heard the case, to be improper and erroneous, as it plainly was. By the decree appealed from, which is now before us, the case was recommitted to the commissioners for a further hearing as to their compensation. The payment of costs in advance, including compensation to the commissioners, which we understand was made by the petitioner, did not change the legal status of the award on the subject of compensation. *Boston Belting Co.* v. *Boston*, 183 Mass. 254, 261. Presumably it was made provisionally, subject to the action of the court upon the validity and legal effect of this part of the award. It seems plain that this was a pending case which comes within the express terms of the statute.

These commissioners were officers of the court appointed under a special statute, and they were not, by virtue of their appointment, in contractual relations with either of the parties. The most that they could ultimately expect under the existing prac-

tice was that the court, by proper orders if necessary, would make provision for their reasonable compensation. If no statute were passed, they might expect that this compensation would come from the parties under an order of the court. In *Newburyport Water Co.* v. *Newburyport*, 168 Mass. 541, 556, it was decided before the enactment of this statute that such commissioners had power to award costs; but in that case there was no question as to the amount of the commissioners' charges, and it was not intimated that they could arbitrarily fix their own pay, or that in any event they had a right to payment of anything more than a reasonable compensation. If there was a dispute about it the amount to be paid them would be fixed by the court. The present statute simply provides a different source from which their payment is to come. It does not affect the amount of it in the least. Nor can it be said that this kind of provision is in any sense improper or inadequate. Payment from the county treasury is as certain as any future payment can be. The commissioners cannot object that this mode of payment is provided instead of that which might have been adopted at the common law. In the absence of contract, and as officers of the court, they had no right to have their compensation from the parties, if the Legislature saw fit to say that they should be paid from the public treasury.

The St. 1899, c. 458, which went into effect on June 2, 1899, more than a year before the commissioners filed their report, and which applied to pending cases, was substantially like the act which we have been considering, except that the reasonable compensation which might be allowed was limited to $15 per day. As it was superseded by the St. 1901, c. 366, we need not consider its application to the present case.

*Decree reversed.*